IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **ORLANDO BETHEL,** *et al.*, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | )   CIVIL ACTION 04-0401-WS-C |
| | ) |
| **TOWN OF LOXLEY,** *et al.*, | ) |
| | ) |
| Defendants. | ) |

**ORDER**

This closed file comes before the Court on plaintiffs' *pro se* Motion to Compel Filing of "Answer" Dated November 6, 2004 (doc. 40). The Court understands that plaintiffs have repeatedly contacted the Clerk's Office regarding the status of their Motion. Such inquiries are puzzling, given that the "Answer" is a legal nullity. After all, plaintiffs' claims were dismissed without prejudice by this Court in August 2004, and the Eleventh Circuit dismissed plaintiffs' ensuing appeal for lack of jurisdiction in February 2005. The "Answer" has no bearing on the merits of plaintiffs' claims or on any appellate proceedings they might wish to pursue. Simply put, this lawsuit has concluded, and the Court is aware of no constructive reason why plaintiffs might continue to press this issue. Nonetheless, in the interest of bringing much-needed closure to this moribund action, the Court will address their concerns.

Plaintiffs' present motion concerns a document captioned "Answer and Religious Rebuke to the Wicked Judge William Steele's and the Wicked Matistrate [*sic*] Cassidy's [*sic*] 'Order'" that plaintiffs transmitted to the Clerk's Office in November 2004. Although styled an "Answer," this pleading is nothing more than four pages of vitriolic insults designed to calumniate and disparage this Court. On its face, the document "DIS-respectfully" reproached the undersigned; characterized him as "wicked," "corrupt," and a "lying bastard"; described this District Court as a "KANGAROO so called federal court"; and branded the order dismissing plaintiffs' claims as "trash." Given that this Court had previously dismissed plaintiffs' claims without prejudice and denied their request for reconsideration,

plaintiffs' "Answer" could serve no conceivable legitimate purpose in this litigation, nor did it purport to serve any purpose other than to denigrate this tribunal.

Plaintiffs now demand that their vituperative pleading be accepted for filing and express outrage at the alleged "judicial tyranny," "obstruction of justice," and "tampering with official Court documents" that they contend have conspired to prevent it from being filed heretofore. (Motion, at 3.) As a legal basis for their Motion, plaintiffs rely on Rule 5(e), Fed.R.Civ.P., which provides in relevant part that "The clerk shall not refuse to accept for filing any paper presented for that purpose solely because it is not presented in proper form as required by these rules or any local rules or practices." *Id.*

Plaintiffs apparently labor under the misconception that Rule 5(e) confers upon them an absolute, unfettered right to file anything they want in federal court. It does not. Rule 5(e) does not impose on the Clerk's Office an ironclad obligation to accept all documents presented for filing; rather, it simply says that the Clerk cannot reject such a submission "solely because it is not presented in proper form." *Id.* The non-acceptance of plaintiffs' "Answer" had nothing to do with its form. More importantly, irrespective of the Clerk of Court's responsibilities, this Court possesses the inherent authority to prevent abusive filing practices such as that at issue here.

The law is clear that district courts possess an inherent power to sanction errant litigants before them. *See Martin v. Automobili Lamborghini Exclusive, Inc.*, 307 F.3d 1332, 1335 (11th Cir. 2002) ("Courts have the inherent authority to control the proceedings before them, which includes the authority to impose "reasonable and appropriate" sanctions."); *F.J. Hanshaw Enterprises, Inc. v. Emerald River Development, Inc.*, 244 F.3d 1128, 1136 (9th Cir. 2001) ("All federal courts are vested with inherent powers enabling them to manage their cases and courtrooms effectively and to ensure obedience to their orders."). Indeed, "[c]ourts of justice are universally acknowledged to be vested, by their very creation, with power to impose silence, respect, and decorum, in their presence, and submission to their lawful mandates." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991) (internal quotations and brackets omitted). Pursuant to this authority, federal courts are empowered to impose a wide range of sanctions for offensive, contumacious, or disrespectful conduct. *See F.J. Hanshaw*, 244 F.3d at 1136 ("As a function of this power, courts can

dismiss cases in their entirety, bar witnesses, award attorney's fees and assess fines."); *In re Prewitt*, 84 Fed.Appx. 397, 398, 2003 WL 22965563 (5th Cir. Dec. 17, 2003) (district court had inherent power to ban attorney from third floor of federal courthouse in Greenville, Mississippi); *LaFleur v. Teen Help*, 342 F.3d 1145, 1149 (10th Cir. 2003) ("Among these inherent powers is the ability to select an appropriate sanction."); *Shepherd v. American Broadcasting Companies, Inc.*, 62 F.3d 1469, 1472 (D.C. Cir. 1995) (pursuant to inherent power, courts may protect institutional integrity "with contempt citations, fines, awards of attorneys' fees, and such other orders and sanctions as they find necessary, including even dismissals and default judgments"). "[T]he choice of an appropriate sanction must be handled on a case-by-case basis." *Young v. Gordon*, 330 F.3d 76, 81 (1st Cir. 2003); *see also In re Prewitt*, 280 F. Supp.2d 548, 562 (N.D. Miss. 2003) ("The court possesses the discretion to tailor sanctions to the particular facts of the case.").

Upon review of plaintiffs' obviously malicious and pejorative submission back in November 2004, the Court concluded that its sole function was to hurl invective at this tribunal, and that sanctions were warranted. In reliance on its inherent powers, and in lieu of any more severe sanction (including contempt) that it could reasonably have imposed in these circumstances, the Court directed the Clerk's Office not to accept the "Answer" for filing. The Court stands by that determination today. Plaintiffs, whether *pro se* or not, are not entitled to utilize the Clerk's Office as a launchpad for gratuitous *ad hominem* attacks such as those set forth within their "Answer." Plaintiffs' Motion to Compel the filing of their "Answer and Religious Rebuke" in this long-closed action is therefore **denied**.

In so ruling, the Court recognizes that plaintiffs fervently disagree with the outcome of the undersigned's previous decisions in this matter. That is their prerogative. However, such dissidence does not confer upon plaintiffs *carte blanche* to insult, vilify and castigate this Court as they have done in their "Answer and Religious Rebuke." *See generally Sacher v. United States*, 343 U.S. 1, 9, 72 S.Ct. 451, 455 (1952) ("But if the ruling is adverse, it is not counsel's right to resist it or to insult the judge--his right is only respectfully to preserve his point for appeal."). Plaintiffs, like every other litigant in federal court, must observe proper decorum and respect, irrespective of whether they concur with this Court's decisions or not. The Court expects plaintiffs to conduct themselves in recognition of these

principles should they have occasion to appear before the undersigned again.

DONE and ORDERED this 19th day of April, 2005.

                                            s/ WILLIAM H. STEELE
                                            UNITED STATES DISTRICT JUDGE